

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

May 20, 2005

# FILED

### JUN 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Manuel J. Retureta, Esquire
Retureta & Wassem, L.L.C.
601 Pennsylvania Avenue, N.W.
South Building - Suite 900
Washington, D.C. 20004

             Re:    Dorothy M. Marshall
                      CR 05-228

Dear Mr. Retureta:

       This letter sets forth the full and complete plea offer to your client, Ms. Dorothy M. Marshall. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia (hereafter "the government" or "this Office" or USAO-DC"). This plea offer will expire on June 10, 2005. Upon receipt, the executed letter will become the plea agreement. The terms of the offer are as follows:

       1.   **Charges:**  Ms. Marshall agrees to plead guilty to a two count criminal Information charging violations of Title 18, United States Code, Section 1344 (Bank Fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offenses charged to be made before the Court by Ms. Marshall and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Marshall agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Marshall's actions and involvement in the theft and embezzlement giving rise to the charges of bank fraud. It is anticipated that before or during the Rule 11 plea hearing, Ms. Marshall will adopt and sign the Statement of the Offense as a written proffer of evidence.

       2.   **Potential penalties, assessments, and restitution**:  Ms. Marshall understands that the maximum sentence that can be imposed is thirty (30) years of imprisonment, a fine of $ $1,000,000, or a fine of twice the pecuniary gain or loss pursuant to Title 18, United States Code, Section 3571(d), a $100 special assessment, a five-year term of supervised release, a consent order of forfeiture, or an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Marshall understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in Title 18, United States Code, Section 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2004)(hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Marshall understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court,

and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose.

3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

§2.B1.1

| | | |
|---|---|---|
| | (a)  Base Offense Level | 6 |
| | (Bank fraud has a statutory maximum in excess of 20 years) | |
| | (b)  Specific Offense Characteristics Loss of $192,881.66 | |
| | (Loss of more than $120,000.00) | 10 |
| §3B1.3 | Abuse of Position of private trust or use of special skill | 2 |
| §3E1.1(a) | Deduction for Acceptance of Responsibility | -2 |
| §3E1.1(b) | Conditional Deduction for Acceptance of Responsibility (See second paragraph below) | -3 |
| §4A1.1 | Criminal History Points | 3 |

TOTAL: 16 with -2 deduction;  15 with -3 deduction

In the event that this plea offer is either not accepted by Ms. Marshall or is accepted by Ms. Marshall but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of the applicable Sentencing Guidelines provisions contained herein.

If Ms. Marshall pleads guilty pursuant to this agreement, the parties agree that she is entitled to receive a 2-level decrease for acceptance of responsibility, under §3E1.1(a). Further, if she enters into this plea agreement by the expiration date of June 10, 2005, the government agrees to file a motion under §3E1.1(b), for an additional 1-level decrease, provided, however, that Ms. Marshall does not violate this agreement, and admits and continues to admit her guilt.

4. **Financial Arrangements:** Ms. Marshall agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and to pay restitution of $192,881.66. Ms. Marshall also agrees to provide a full and

complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Forfeiture:**

(a) **Administrative Forfeiture:** Ms. Marshall agrees, pursuant to Title 18, United States Code, Section 981(a)(1)(C), to waive her interest in and not to contest the administrative forfeiture of the following:

> $7,200.00 in funds relating to reservations and tickets for the Tom Joyner Fantastic Voyage 2003 cruise that was scheduled to depart for the Caribbean on May 24, 2003 (Booking #6148635), seized in May 2003, from Royal Caribbean Ltd.

Ms Marshall agrees that these funds are subject to forfeiture as property constituting, or derived from, proceeds traceable to a violation of bank fraud, in violation of Title 18, United States Code, Section 1344, as charged in Count Two of the Information.

(b) **Money Judgment:** Ms. Marshall further agrees to a criminal forfeiture in the form of a money judgment as referenced in the Forfeiture Allegation of the Information. Namely:

> $185,681.66, which represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as the result of bank fraud, in violation of Title18, United States Code, Section 1344.

Ms. Marshall agrees to the entry of the above-described money judgment, pursuant to Title 18, United States Code, Section 982(a)(2)(A), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of bank fraud, in violation of Title 18, United States Code, Section 1344. In order to effectuate the forfeiture, as required under Fed.R.Crim.P. 32.2(b)(2), Ms. Marshall agrees to the entry of a Consent Order of Forfeiture, a copy of which is attached to this plea agreement. Ms. Marshall further agrees to satisfy the above-described money judgment in accordance with the payment schedule set forth in the Consent Order of Forfeiture. Further, Ms. Marshall acknowledges and agrees that the government reserves its right to bring a civil action, if necessary, in any jurisdiction for the forfeiture of any of her assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

6. **Waiver of Rights:** Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Marshall expressly warrants that she has discussed these rules with her counsel and understands them. Marshall voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f)

and Federal Rule of Evidence 410. Ms. Marshall understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

7. **Additional Waivers**:    As part of the entry of this guilty plea, Ms. Marshall specifically waives any right to have the facts alleged in the Information that determine her offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) found by a jury beyond a reasonable doubt. Ms. Marshall agrees that the facts that determine the offense level will be found by the Court at sentencing and that the Court may consider any reliable evidence, including hearsay. Ms. Marshall expressly agrees that the Court can consider as proof beyond a reasonable doubt the facts contained in the written Statement of Offense, which constitutes the proffer of facts supporting the guilty plea. Ms. Marshall agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines.

8. **Government Concessions:**  In exchange for her guilty plea, the government agrees not to oppose Ms. Marshall's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose Ms. Marshall's voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Marshall continues to show her acceptance of responsibility by:  (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested);  (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter;  (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. The government also agrees not to oppose concurrent sentencing with respect to the two counts of conviction. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Marshall in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for any potential bank fraud referenced in footnote one on page two of the attached Statement of Offense with respect to Wachovia Bank, formerly known as First Union Bank. This agreement not to prosecute Ms. Marshall does not extend to federal or local crimes of violence as those terms are defined in Title 18, United States Code, Section 16, and District of Columbia Code, Section 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Marshall.

9. **Bond Conditions**: Ms. Marshall understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court. The Court's decision in this regard is not grounds for withdrawal from this agreement.

10. **Reservation of Allocution:**  The United States reserves its full right of allocution, including, among other things, the right to: (a) inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Marshall's criminal activities,

subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Court is not bound:** Ms. Marshall understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her sentence will be made by the Court. The Court's decision in this regard is not grounds for withdrawal from this agreement.

11. **Breach of Agreement:** Ms. Marshall agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Marshall's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Marshall will not have the right to withdraw the guilty plea; (c) Ms. Marshall shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Ms. Marshall, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Marshall has breached this agreement, and if Ms. Marshall so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

12. **Statute of Limitations Waiver**: Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions. Ms. Marshall knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

13. **Waiver of Appeal:** Ms. Marshall is aware that federal law, specifically Title 18, United States Code, Section 3742, affords her the right to appeal her sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Judge. Knowing that, Ms. Marshall waives the right to appeal her sentence or the manner in which it was determined pursuant to Title 18, United States Code, Section 3742, except to the extent that (a) the Court sentences Ms. Marshall to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §§ 5K2. Further, defendant reserves her right to make a collateral attack upon her sentence pursuant to Title 28, United States Code, Section 2255 if new and currently unavailable information becomes known to her. In agreeing to this waiver, Ms. Marshall is aware that her sentence has not yet been determined by the Judge. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, Ms. Marshall knowingly and willingly waives her right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the USAO in this agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir.), petition for cert. filed (Jun. 27, 2002) (No. 02-5044).]

14. **USAO's Criminal Division Bound:** Ms. Marshall understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Marshall.

15. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Marshall, Ms. Marshall's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court..

If the foregoing terms and conditions are satisfactory, Ms. Marshall may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Marshall and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:

MARY ANN SNOW
LINDA OTANI McKINNEY
Assistant United States Attorneys

7

## Defendant's Acceptance of Plea Agreement

I have read this plea agreement, and have carefully reviewed and discussed every part of it with my attorney, Manuel Retureta, Esquire. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

Date:  6·9·05

Dorothy M. Marshall

## Attorney's Acknowledgment

I am defendant's attorney. I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. It accurately and completely sets forth the entire agreement between defendant and the United States Attorney's Office for the District of Columbia.

Date:  6·9·05

Manuel J. Retureta, Esquire
Counsel for the Defendant

8

FILED

JUN 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT A

## LOSS ANALYSIS
## MCKINNEY AND ASSOCIATES

| DATE | PAYEE | AMOUNT | CHECK NUMBER | BANK |
|------|-------|--------|--------------|------|
| 10/26/1998 | Cross Country Bank | $900.00 | 8945 | First Union Bank |
| 12/5/1998 | Cross Country Bank | $1,450.00 | 8995 | First Union Bank |
| 12/29/1998 | Cross Country Bank | $1,205.88 | 9042 | First Union Bank |
| 1/29/1999 | Cross Country Bank | $1,200.00 | 9099 | First Union Bank |
| 3/1/1999 | Cross Country Bank | $1,250.00 | 9128 | First Union Bank |
| 3/30/1999 | Cross Country Bank | $1,200.00 | 9169 | First Union Bank |
| 4/9/1999 | Cross Country Bank | $850.00 | 9188 | First Union Bank |
| 4/28/1999 | Cross Country Bank | $1,350.00 | 9201 | First Union Bank |
| 5/18/1999 | Cross Country Bank | $895.00 | 9218 | First Union Bank |
| 6/1/1999 | Cross Country Bank | $1,250.00 | 9229 | First Union Bank |
| 6/18/1999 | Cross Country Bank | $975.00 | 9258 | First Union Bank |
| 6/23/1999 | Cross Country Bank | $1,350.00 | 9271 | First Union Bank |
| 7/15/1999 | Cross Country Bank | $1,150.00 | 9288 | First Union Bank |
| 7/23/1999 | Cross Country Bank | $1,475.00 | 9297 | First Union Bank |
| 8/17/1999 | Cross Country Bank | $985.00 | 9301 | First Union Bank |
| 8/27/1999 | Cross Country Bank | $1,450.00 | 9331 | First Union Bank |
| 9/15/1999 | Cross Country Bank | $780.72 | 9358 | First Union Bank |
| 9/15/1999 | Cross Country Bank | $1,475.00 | 9360 | First Union Bank |
| 11/1/1999 | Cross Country Bank | $1,100.00 | 9376 | First Union Bank |
| 11/15/1999 | Cross Country Bank | $1,300.00 | 9377 | First Union Bank |
| 10/25/1999 | M&M Re | $2,000.00 | ~ 9533 | Adams Bank |
| 12/1/1999 | Cross Country Bank | $1,154.00 | 9560 | Adams Bank |
| 12/13/1999 | Cross Country Bank | $1,000.00 | 9581 | Adams Bank |
| 12/22/1999 | Cross Country Bank | $1,600.00 | 9582 | Adams Bank |
| 12/30/1999 | Dorothy Marshall | $2,350.00 | 9588 | Adams Bank |
| 1/18/2000 | Cross Country Bank | $1,106.15 | 9603 | Adams Bank |
| 1/31/2000 | Cross Country Bank | $1,350.00 | 9604 | Adams Bank |
| 2/16/2000 | Cross Country Bank | $638.50 | 9637 | Adams Bank |
| 2/23/2000 | Cross Country Bank | $1,216.15 | 9653 | Adams Bank |
| 3/15/2000 | Cross Country Bank | $1,300.00 | 9658 | Adams Bank |
| 3/27/2000 | Cross Country Bank | $1,302.55 | 9686 | Adams Bank |
| 4/19/2000 | Cross Country Bank | $1,037.81 | 9692 | Adams Bank |
| 4/25/2000 | Cross Country Bank | $1,380.00 | 9708 | Adams Bank |
| 5/15/2000 | Cross Country Bank | $1,518.39 | 9722 | Adams Bank |
| 5/30/2000 | Cross Country Bank | $1,550.00 | 9735 | Adams Bank |
| 6/13/2000 | Cross Country Bank | $1,515.47 | 9761 | Adams Bank |
| 6/29/2000 | Cross Country Bank | $1,400.00 | 9768 | Adams Bank |
| 7/12/2000 | Cross Country Bank | $1,462.00 | 9788 | Adams Bank |
| 7/28/2000 | Cross Country Bank | $1,200.00 | 9802 | Adams Bank |
| 8/15/2000 | Cross Country Bank | $1,300.00 | 9812 | Adams Bank |
| 8/23/2000 | Cross Country Bank | $1,068.48 | 9824 | Adams Bank |
| 9/20/2000 | Cross Country Bank | $950.00 | 9831 | Adams Bank |
| 9/22/2000 | Cross Country Bank | $850.00 | 9832 | Adams Bank |

## LOSS ANALYSIS
## MCKINNEY AND ASSOCIATES

| DATE | PAYEE | AMOUNT | CHECK NUMBER | BANK |
|------|-------|--------|--------------|------|
| 10/9/2000 | Cross Country Bank | $1,700.00 | 9858 | Adams Bank |
| 10/18/2000 | Cross Country Bank | $1,850.00 | 9876 | Adams Bank |
| 10/18/2000 | Cross Country Bank | $802.00 | 9878 | Adams Bank |
| 11/27/2000 | Cross Country Bank | $1,850.00 | 9918 | Adams Bank |
| 12/5/2000 | Caruso Florist | $169.31 | 9935 | Adams Bank |
| 12/11/2000 | Cross Country Bank | $1,300.00 | 9937 | Adams Bank |
| 12/19/2000 | Lincoln Life | $401.40 | 9940 | Adams Bank |
| 12/27/2000 | State Farm Insurance | $400.00 | 9971 | Adams Bank |
| 1/5/2001 | Cross Country Bank | $1,581.00 | 9972 | Adams Bank |
| 1/9/2001 | Cross Country Bank | $2,450.00 | 9986 | Adams Bank |
| 1/18/2001 | Flagship Credit Corp. | $3,693.05 | 9989 | Adams Bank |
| 1/19/2001 | Washington Gas | $378.50 | 10002 | Adams Bank |
| 1/31/2001 | Cross Country Bank | $1,060.75 | 10005 | Adams Bank |
| 1/31/2001 | Cross Country Bank | $1,550.00 | 10006 | Adams Bank |
| 2/15/2001 | Cross Country Bank | $1,655.15 | 10027 | Adams Bank |
| 2/15/2001 | Cross Country Bank | $1,000.00 | 10028 | Adams Bank |
| 3/6/2001 | Cross Country Bank | $2,375.00 | 10044 | Adams Bank |
| 3/6/2001 | Cross Country Bank | $1,333.00 | 10045 | Adams Bank |
| 3/6/2001 | Flagship | $1,231.02 | 10046 | Adams Bank |
| 3/19/2001 | Cross Country Bank | $1,800.00 | 10068 | Adams Bank |
| 3/19/2001 | Lincoln Life | $802.80 | 10070 | Adams Bank |
| 3/19/2001 | Dorothy Marshall | $2,911.00 | 10072 | Adams Bank |
| 3/21/2001 | International Art | $222.14 | 10086 | Adams Bank |

TOTAL        $86,357.22

**FILED**

JUN 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT B

# 2001 Fraudulent Checks

| Date in System | Check # | Amount | Invoice | Payee in One Write Plus | Actual Payee | Actual Check Date |
|---|---|---|---|---|---|---|
| 4/13/2001 | 1261 | 1,500.00 | yes | Consistent Computer Bargains | Cross Country Bank | 5/7/2001 |
| 4/14/2001 | 1262 | 1,650.00 | no | Community IT Innovators | Cross Country Bank | 5/10/2001 |
| 7/26/2001 | 1269 | 1,900.00 | no | 1 N/A | Cross Country Bank | 7/20/2001 |
| 4/30/2001 | 1275 | 6,300.00 | yes | Strategic Technology Solutions | Dorothy Marshall | 5/15/01 |
| 4/30/2001 | 1276 | 2,393.27 | no | DigiGraph Media | Cross Country Bank | 5/29/2001 |
| 4/30/2001 | 1277 | 509.73 | no | Buy.com | US Dept of Education | 5/29/2001 |
| 4/30/2001 | 1278 | 1,051.00 | no | Beverly Coulson | Cross Country Bank | 6/18/2001 |
| 9/19/2001 | 1279 | 2,808.00 | no | Cada Vez | Cross Country Bank | 7/5/2001 |
| 9/20/2001 | 1516 | 1,820.00 | no | Communicatius | Cross Country Bank | 9/5/2001 |
| 10/4/2001 | 1532 | 1,350.00 | no | Julius Davis | Cross Country Bank | 9/20/2001 |
| 11/1/2001 | 1557 | 2,400.00 | no | 2 N/A | Cross Country Bank | 10/9/2001 |
| 11/22/2001 | 1581 | 1,500.00 | no | D'Flat Communications | Cross Country Bank | no date on check |
| 11/6/2001 | 1582 | 1,522.00 | no | Sherrie A Watkins | Cross Country Bank | no date on check |
| 12/31/2001 | 1600 | 2,000.00 | yes | Susan Doran | Cross Country Bank | 11/16/2001 |
| 12/3/2001 | 1626 | 2,300.50 | no | Bordercross Communications | Cross Country Bank | 11/26/2001 |
| 12/19/2001 | 1627 | 4,240.00 | yes | Avedon | Avedon | 12/3/2001 |
| 12/20/2001 | 1665 | 977.04 | no | Cada Vez | Cross Country Bank | 12/10/2001 |
| 12/20/2001 | 1668 | 1,316.00 | yes | Sherrie A Watkins | Cross Country Bank | 12/28/2001 |
| 12/20/2001 | 1670 | 575.00 | no | Cash | Cash | 12/20/2001 |
| | 1691 | 4,240.00 | yes | Avedon | Avedon | 12/20/2001 |
| Total | | 42,451.54 | | | | |

## NOTES:

1. Entered in One Write Plus thru jo. Expensed to Web Development

2. Entered as void check in One Write Plus. Then entered as jo. Expensed to Temp Salaries

* Payment voucher prepared by Dorothy w/forged T Shorters signature

FILED

JUN 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT C

## 2002 - 2003 Fraudulent Disbursements

| Check Date | Check # | Amount | Payee in One Write | Actual Payee |
|---|---|---|---|---|
| 2/4/2002 | 1720 | 2,726.15 | Philanthropic Resource Mgmt. | Cross Country |
| 2/15/2002 | 1740 | 1,400.00 | Cada Vez | Cross Country |
| 3/1/2002 | 1760 | 1,850.00 | Ephilanthropy | Cross Country |
| 3/13/2002 | 1778 | 1,384.17 | Bordercross Communication | Cross Country |
| 3/26/2002 | 1807 | 2,307.80 | Cada Vez | Cross Country |
| 4/18/2002 | 1848 | 1,200.50 | D'Flat Communication | Cross Country |
| 4/22/2002 | 1849 | 2,485.87 | Philanthropic Resource Mgmt. | Cross Country |
| 5/3/2002 | 1870 | 1,381.82 | N/A | Allfirst |
| 5/22/2002 | 1900 | 1,525.00 | N/A | Cross Country |
| 6/5/2002 | 1903 | 2,800.00 | N/A | Cross Country |
| 6/19/2002 | 1937 | 1,430.00 | Communicatus | Cross Country |
| 7/11/2002 | 1962 | 900.00 | The Foundation Center | Cash |
| 7/19/2002 | 1975 | 3,981.59 | N/A | Internal Revenue Service |
| 7/18/2002 | 1977 | 1,200.00 | N/A | Cross Country |
| 7/18/2002 | 1978 | 1,800.00 | N/A | Cross Country |
| 8/19/2002 | 2001 | 2,500.00 | N/A | Cross Country |
| 8/19/2002 | 2002 | 1,500.00 | N/A | Cross Country |
| 9/3/2002 | 2026 | 1,500.00 | N/A | Dorothy Marshall |
| 9/4/2002 | 2041 | 1,900.00 | N/A | Cross Country |
| 9/20/2002 | 2054 | 1,700.00 | N/A | Cross Country |
| 9/20/2002 | 2057 | 1,900.00 | N/A | Cross Country |
| 10/24/2002 | 2104 | 1,500.00 | N/A | Cross Country |
| 10/31/2002 | 2105 | 2,500.00 | N/A | Cross Country |
| 11/14/2002 | 2123 | 2,200.00 | N/A | Cross Country |
| 12/6/2002 | 2159 | 1,100.00 | N/A | Cross Country |
| 12/6/2002 | 2160 | 2,400.00 | N/A | Cross Country |
| 12/10/2002 | 2161 | 2,800.00 | N/A | CitiBusiness Card |
| 12/27/2002 | 2175 | 1,500.00 | N/A | Cross Country |
| 12/27/2002 | 2176 | 2,800.00 | N/A | Cross Country |
| 1/9/2003 | 2199 | 3,200.00 | N/A | CitiBusiness Card |
| 1/28/2003 | 2211 | 1,700.00 | N/A | Cross Country |
| 2/5/2003 | 2236 | 3,000.00 | N/A | Cross Country |
| | Total | 64,072.90 | | |