UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Crim. Case No.: 05-228 (RMU) |
| v. | |
| | Sentencing Date: November 8, 2005 |
| DOROTHY MARIE MARSHALL | 10:15 p.m. |

## MEMORANDUM IN AID OF SENTENCING

**COMES NOW DEFENDANT, Dorothy Marshall,** through undersigned counsel, and respectfully submits this memorandum in aid of sentencing. For the reasons set forth below, and per material accompanying this memorandum, Ms. Marshall respectfully asks this Court for consideration of sentencing factors and downward departures in sentencing guideline considerations that would allow her continued work in the community, and for the community.

### I. Extraordinary Acceptance of Responsibility
### And Rehabilitation Since Offense Conduct

Ms. Marshall respectfully submits that in light of her cooperation with prosecutors and rehabilitation since the offense conduct, she merits this Court's consideration for a sentence without confinement. This request is made acknowledging the downward departures the Court would evaluate to classify a potential probationary sentence under the advisory Federal Sentencing Guidelines as well as factors under 18 U.S.C. §3553(a), as fully discussed below.

**A.  Happy Day Care**

Ms. Marshall's behavior since the illegal conduct has been exemplary and inspirational. Ms. Marshall has created a center for community child care and development. Today, approximately 70 families call Happy Day Care home for over 80 children. The children receive

supervision, education, fun and love. The defense has prepared a video on a DVD disc that is submitted with this memorandum for the Court's review. The video reflects what Happy Day Care is, its place in the community, and the role of Ms. Marshall. Ms. Marshall appreciates the Court's time as it reviews this video presentation that shows her achievement.

**B.     Cooperation and Acceptance of Responsibility**

In June of 2003, Ms. Marshall was informed of a police investigation and began cooperating with prosecutors. Since that time, she has fully cooperated and accepted responsibility, pre-indictment, for her illegal conduct. On numerous occasions, she met with police investigators as well as prosecutors. During these meetings, Ms. Marshall reviewed business records for both companies and admitted to her illegal conduct. Throughout this period, Ms. Marshall was prepared to accept responsibility as well as provide restitution.

More importantly, Ms. Marshall was prepared to accept responsibility not just with law enforcement, but also from the moment that her employer discovering the conduct. Today, Ms. Marshall is poised to pay a substantial sum in restitution and begin monthly payments to fully repay the victims for her wrongdoing.

## II.  Court Consideration of 18 U.S.C. §3553(a) Factors

Consistent with the Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738 (2005), this Court must consider 18 U.S.C. §3553(a) when imposing sentence. Specifically, the following factors must be considered:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational

    training, medical care, or other correctional treatment in the most effective manner;
- (3) the kinds of sentences available;
- (4) the kinds of sentence and the sentencing range established for—
    - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines --
        - i. issued by the Sentencing Commission pursuant to 28 U.S.C. §994(a)(1), subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under 28 U.S.C. §994(p); and
        - ii. that, except as provided in §3742(g), are in effect on the date the defendant is sentenced; or
    - (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. §994(a)(3), taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under 28 U.S.C. §994(p);
- (5) any pertinent policy statement
    - (A) issued by the Sentencing Commission pursuant to 28 U.S.C. §994(a)(2), subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under 28 U.S.C. §994(p); and
    - (B) that, except as provided in §3742(g), is in effect on the date the defendant is sentenced.
- (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
- (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). Consistent with the plea agreement, Ms. Marshall submits the following factors in mitigation of any potential sentence under the authority noted above.

**A. A Just Punishment**

  Under §3553(a)(2)(A), the Court shall consider factors that would result in a just punishment. Ms. Marshall has been living with the pain of her wrongdoing since before June 2003. She has experience pain by her actions from the moment she took the actions. It is only now that the public shame from her activities has resulted in a visible punishment. Each call

from her attorney was filled with the consequences of her past acts. Jail will not accomplish what she feels with each thought of her criminal conduct.

**B.     Deterrence & Protection of The Public**

Under §3553(a)(2)(A) and (C), the Court shall consider how the sentence shall deter future crime as well as protect the public. Ms. Marshall's work with Happy Day Care can ease any concern the Court may have regarding these two factors. Ms. Marshall is now working for herself. Any possible future misconduct, however unlikely, would only be a detriment to herself and her business. Deterrence should be accomplished through restitution, not incarceration.

**C.     Types of Sentences**

Under §3553(a)(3), the Court shall consider the types of sentences available to accomplish some of the factors set forth above. In the case of Ms. Marshall, the options are plentiful. A potential sentence may include: community supervision; home detention; restrictions on future employment; or, restrictions on financial activities. Any one or more of these combinations would allow for deterrence, public safety as well as impose a penalty on Ms. Marshall.

**D.     Restitution**

Under §3553(a)(3), the Court shall consider a sentence in light of restitution. Ms. Marshall is stepping forward and repaying the money taken from the victims. This repayment will impose a penalty upon Ms. Marshall. The final amount of "lump-sum" payment and monthly payment will be finalized in the coming days and submitted to the Court well in advance of the sentencing date. Time spent incarcerated will only delay the restitution that Ms. Marshall wants to accomplish. *See United States v. Blackburn,* 105 F.Supp. 1067 (D. S.D. 2000).

### III.  U.S. Sentencing Guidelines

Under the advisory U.S. Sentencing Guidelines, a range of incarceration is established under the applicable offense level and criminal history category.  Ms. Marshall respectfully submits that the guideline range calling for incarceration is not the answer.

To begin with, the Court should consider that the cost of incarceration to society is approximately "$22,000.00 a year to confine an individual, as compared with as little as $200 per year to supervise an individual on probation or parole." *Bureau of Justice Statistics,* "State Prison Expenditures, 2001," (Washington, D.C. 2004); Joan Petersilia; *as cited in, Vera Institute of Justice,* "Probation Reform: Is Zero Tolerance A Viable Option?," (October 2005); Patrick Kelly, Don Stemen.  This is especially significant in a case where community supervision would be sufficient to monitor Ms. Marshall's continued success and guard against further misconduct.

Beyond the cost to incarcerate Ms. Marshall, the cost to the community is increased by the demise of her business, Happy Day Care. Should Happy Day Care go out of business:  13 employees would lose their jobs; 80 children would lose the ritual of meeting friends at the center before and after school; and, 70 families would be forced to restructure their day-care needs.  These factors highlight the undeniable fact that the advisory guidelines fail to adequately account for Ms. Marshall's case.

A court is obliged to "consider all the relevant factors in a case and to impose a sentence outside the guidelines in an appropriate case…" *United States v. Rhodes*, 145 F.3d 1375, 1378 (D.C. Cir. 1998), *citing,* (S.Rep. No. 98-225, at 52 (1983).  *See also,* Sentencing Reform Act of 1984 (grant of authority to depart from an applicable Guidelines range if a court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission"); 18 U.S.C. §3553(b); and, . The Sentencing

5

Commission, acknowledged that in drafting the Guidelines it had not adequately taken into consideration "unusual" cases. U.S.S.G. ch. 1, pt. A, intro. cmt. 4(b); *Koon v. United States,* 518 U.S. 81, 93 (1996)(allowed district courts to depart in "atypical case [s], [where] a particular guideline linguistically applies but where conduct significantly differs from the norm." U.S.S.G. ch. 1, pt. A, intro. cmt. 4(b). *See generally,* § 5K2.0 (discussing departures under the Guidelines).

Ms. Marshall respectfully submits that factors discussed above call for downward departures under an advisory guideline analysis. Additionally, she cites the following specific deficiencies in the guideline analysis.

First, the guideline standard for acceptance of responsibility does not fully account for Ms. Marshall's voluntary cooperation with prosecutors and significant efforts to repay the victims. Under U.S.S.G. §3E1.1, this Court may consider a number of factors in deciding whether to grant the reduction for acceptance of responsibility. The factors may include: voluntary termination or withdrawal from criminal conduct; voluntary payment or restitution prior to adjudication of guilt; voluntary surrender to authorities; voluntary assistance to authorities in recovery of fruits of offense; voluntary resignation from position held during commission of crime; and post-offense rehabilitative efforts. U.S.S.G. §3E1.1, Comment n.1. Normally, courts grant such a reduction based only on a single factor. Ms. Marshall merits further reductions because she fulfills many factors under an acceptance of responsibility analysis.

Under the advisory guideline regime created by *Booker, supra,* this Court has greater flexibility to fashion sentences that fit the circumstances of the case. Indeed, the Court may grant additional consideration to defendants who demonstrate acceptance beyond that necessary

6

to obtain a two or three level reduction under U.S.S.G. §3E1.1.  This is so because such conduct bears directly on a defendant's character (18 U.S.C. §3553(a)(1)), and on how severe a sentence is necessary to provide deterrence and punishment (18 U.S.C. §3553(a)(2)).

Additionally, this Court should encourage offenders to mitigate their misconduct voluntarily, whether by admitting it, paying restitution or making efforts to address substance abuse, mental health or other problems that contributed to the misconduct.[1]

The guidelines also fail to take into account Ms. Marshall's positive personal characteristics, including her family ties and community involvement.  With their almost singular focus on loss amount, the advisory guidelines are insufficiently sensitive to personal culpability. Finally, it is also appropriate to consider that as the sole supporter of her family, a long period of imprisonment would have a very harsh effect on her dependents.  Thus, based on these factors, a substantial reduction in any guideline analysis is warranted.

---

[1] *See United States v. Brown*, 985 F.2d 478, 482-83 (9th Cir. 1993) (under § 5K2.0, in light of defendant's confession, court can depart downward from the range if it determines that the two point reduction did not adequately reflect acceptance); *United States v. Miller*, 991 F.2d 552 (9th Cir. 1993) (voluntary restitution exhibiting extraordinary acceptance of responsibility can justify downward departure); *United States v. Farrier*, 948 F.2d 1125, 1127 (9th Cir. 1991) (admission of guilt to other crimes can justify departure under §5K2.0, but not further adjustment for acceptance); *United States v. Gee*, 226 F.3d 885 (7th Cir. 2000)(affirms 2-level downward departure for acceptance of responsibility under §5K2.0, where D was not eligible for adjustment for acceptance under §3E1.1 because went to trial. Defendant demonstrated a non-heartland acceptance in that he made early and consistent offers to government to determine legality of his business); *United States v. Faulks*, 143 F.3d 133 (3d Cir. 1998); *United States v. DeMonte*, 25 F.3d 343, 349 (6th Cir. 1994) (in computer fraud case, departure proper on ground that defendant admitted to crimes about which government had no knowledge, even though part of plea bargain to cooperate-remanded); *United States v. Evans*, 49 F.3d 109 (3d Cir. 1995) (voluntary disclosure of true identity resulting in increased criminal history score may warrant downward departure); *United States v. Rogers*, 972 F.2d 489, 494 (2d Cir. 1992) (district court empowered to depart downward where defendant emerged from a drug-induced state, realized his wrongdoing and turned himself in and confessed); *United States v. Lieberman*, 971 F.2d 989, 995-96 (3d Cir. 1992) (one level downward departure o.k. where D offered to make restitution greater that amount taken, met with bankers and offered to explain how avoided detection, resigned his position and went to FBI to admit his embezzlement, pled guilty); *United States v. Carey*, 895 F.2d 318, 323 (7th Cir. 1990); *United States v. Davis*, 797 F. Supp. 672 (D.C.N.Ind. 1992) (8-level downward departure proper where defendant make $750,000 restitution voluntarily); *United States v Crumb*, 902 F.2d 1337, 1339-40 (8th Cir. 1990) (voluntary surrender nine days after issuance of warrant 9 month downward departure); *United States v. Ziegler*, 835 F. Supp. 1335 (D. Kan. 1993) (downward departure justified for complete acceptance of responsibility exhibited by extraordinary drug rehabilitation in that defendant had smoked 20 marijuana cigarettes a day for 20 years and stopped).

**Potential Fine**

It is respectfully submitted that a fine would not be an appropriate penalty to impose upon Ms. Marshall. Restitution is the main thrust of how Ms. Marshall seeks to mitigate and compensate for the harm she has done. A fine, as indicated in the PSI, "could impede her ability to satisfy the restitution obligation in a timely manner." PSI, p.19 ¶69. Therefore, we ask the Court to conclude that a fine would not serve the interests of justice or punishment, but rather hinder necessary restitution for the victims.

**Victim Impact Statements**

At this time, undersigned counsel has not received any victim impact statements from the government. Consistent with the Court's scheduling order, Ms. Marshall asks for copies of such statements prior to the sentencing hearing. Should government counsel intend to offer the testimony of any victim at the time of sentencing, the defense asks for a list of such witnesses prior the sentencing hearing.

**WHEREFORE,** Ms. Marshall asks for the Court's consideration of the sentencing factors set forth above.

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

By: _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue, NW
South Building – Suite 900
Washington, D.C. 20004
(202) 220-3073 / (202) 220-3130 fax

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of this pleading was served on all parties pursuant to the Electronic Case Filing system on this 21st day of October, 2005.

> /s/
> Manuel J. Retureta, Esq.