# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Offenses Committed On or After November 1, 1987) |
| V. | |
| | Case Number: 05-0228-01 |
| DOROTHY MARIE MARSHALL | MANUEL J. RETURETA, ESQUIRE |
| | Defendant's Attorney |

**FILED**
DEC 1 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

The defendant pled guilty on June 16, 2006, to counts one (1) and two (2) of the information filed in this case on June 10, 2005.

Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title and Section | Nature of Offense | Date Offense Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. 1344 and 2 | BANK FRAUD AND CAUSING AN ACT TO BE DONE | 5/1997 to 1/2003 | 1 and 2 |

As pronounced on December 1, 2005, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the _12_ day of December, 2005.

_____
Honorable Ricardo M. Urbina
United States District Court Judge

Defendant's Soc. Sec. No.: XXX-XX-0331
Defendant's Date of Birth: XX-XX-53
Defendant's USM No.: 28260-016
Defendant's Residence and Mailing Address:

Defendant: DOROTHY MARIE MARSHALL
Case Number: 05-0228-01

Judgment - Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWENTY (20) MONTHS ON EACH OF COUNTS ONE (1) AND TWO (2) OF THE INFORMATION, TO BE SERVED CONCURRENTLY.

The Court makes the following recommendations to the Bureau of Prisons: THAT THE DEFENDANT BE PERMITTED TO SERVE HER SENTENCE AT THE FEDERAL FACILITY LOCATED IN ALDERSON, WEST VIRGINIA.

**The defendant shall surrender when notified by the U.S. Probation office for service of sentence at the institution designated by the Bureau of Prisons:**

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
　　　Deputy Marshal

Defendant: DOROTHY MARIE MARSHALL                                                              Judgment - Page 3 of 4
Case Number: 05-0228-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS ON EACH OF COUNTS ONE (1) AND TWO (2) OF THE INFORMATION, TO BE SERVED CONCURRENTLY.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

### STANDARD CONDITIONS OF SUPERVISION

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You will notify the probation officer at least ten days prior to any change of residence or employment.
7. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13. you will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

1. **Special Assessment** - The defendant shall pay the following special assessment fees: Count 1 - $100.00; and Count 2 - $100.00, for a total of $200.00. The special assessment fees are due immediately and shall be paid to the Clerk of the Court for the U.S. District Court, District of Columbia.

2. **Change of Address** - Within 30 days of any change of residence or mailing address, the defendant shall notify the Clerk of the Court for the U.S. District Court, District of Columbia, of the change until such time as the financial obligation is paid in full.

3. **Restitution Obligation** - The defendant shall pay restitution in the amount of $185.681.66. The imposition of a restitution on all other counts is waived. Payment of the restitution is due immediately. The Court waived interest that may accrue on the restitution amount. While incarcerated, the defendant shall make restitution payments through the U.S. Bureau of Prisons' Inmate Financial Responsibility Program. Upon her release, the defendant shall pay the balance of any restitution owed at a rate of no less than $100.00 each month and provide verification of same to the Probation Office.

4. **Debt Obligations** - The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

5. **DNA Sample Requirement** - Pursuant to 42 USC § 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

Defendant: DOROTHY MARIE MARSHALL
Case Number: 05-0228-01

Judgment - Page 4 of 4

6. **Employment Restriction** - The defendant shall be restricted from engaging in employment, consulting, or association in the employment positions involving access to money and negotiables in conjunction with accounting duties for the duration of her supervision.

7. **Financial Disclosure** - The defendant shall provide the Probation Office with her income tax returns, authorization for release of credit information, and any other business or financial information in which she has a control or interest.

8. **Mental Health Treatment** - The defendant shall participate in a mental health treatment program, which may include outpatient counseling or residential placement, as approved and directed by the Probation Office.

**THE COURT FINDS** that the provision for submission of periodic drug tests, as required under 18 USC § 3563(a) and 3583(b), is suspended, as the defendant is believed to pose a low risk of future substance abuse.

The Probation Office shall release the pre-sentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the pre-sentence report to the Probation Office upon the defendant's completion or termination from treatment.

Defendant: DOROTHY MARIE MARSHALL　　　　　　　　　　　　　　　　Judgment - Page 5 of 4
Case Number: 05-0228-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FIN |
|---|---|---|
| $100.00 on each of counts 1 & 2, for a total of $200.00 | $185,681.66 | None |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $$200.00 for Count(s) One (1) and Two (2), which shall be due immediately.

### RESTITUTION

The defendant shall make restitution in the total amount of $185,681.66. The interest for restitution is waived by the Court.

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Payee Address | City, State, Zip | Amount |
|---|---|---|---|
| Npowell Greater DC Region, Julie Chapman, President | 1436 U Street, NW, Suite #303 | Washington DC 20009 | $99,324.44 |
| McKinney & Associates | 1612 K Street, NW | Washington, DC 20006 | $86,357.22 |

Payment of restitution payment is due immediately. The Court waives the payment of interest that may accrue on the restitution amount. While incarcerated, the defendant shall make restitution payments through the U.S. Bureau of Prisons' Inmate Financial Responsibility Program. Any balance remaining upon her release from custody shall be paid at a rate of no less that $100.00 a month. Restitution payments shall be make to the Clerk of the Court for the U.S. District Court, District of Columbia, for disbursement to the named victims as stated above.

If a victim has received compensation from insurance or any other source with respect to a loss, restitution shall be paid to the person who provided or is obligated to provide the compensation, but all restitution of victims shall be paid to the victims before any restitution is paid to such a provider of compensation.

### FINE

**THE COURT FINDS** that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

### FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States: The defendant shall forfeit to the United States her interest in $185,681.66 which represents the sum of money equal to the remaining amount of money constituting or derived from proceeds obtained, directly or indirectly as the result of bank fraud. Ms. Marshall shall forfeit any and all interest in property that constitutes or is derived from proceeds obtained as the result of bank fraud. Should property subject to forfeiture be unavailable as a result of any act or omission of the defendant, the government may seek forfeiture of any other property of the defendant up to the value of property subject to forfeiture.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.